Sevilla-Hernandez v. Garland

BIA
Straus, IJ
A200 941 560

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of November, two thousand twenty-one.

PRESENT:
> GUIDO CALABRESI,
> DENNY CHIN,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

AXEL FAVIAN SEVILLA-HERNANDEZ,
> *Petitioner*,

> v.                                          18-2291

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:            Jon E. Jessen, Law Offices Jon E. Jessen LLC, Stamford, CT.

FOR RESPONDENT:            Ethan P. Davis, Acting Assistant Attorney General; Andrew N. O'Malley, Senior Litigation Counsel; Sunah Lee, Trial Attorney, Office of Immigration Litigation, United States

Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Axel Favian Sevilla-Hernandez, a native and citizen of El Salvador, seeks review of a July 9, 2018, decision of the BIA affirming the October 6, 2017 decision of an Immigration Judge ("IJ") denying his motion to rescind his removal order and reopen his removal proceedings. *In re Axel Favian Sevilla-Hernandez,* No. A200 941 560 (B.I.A. July 9, 2018), *aff'g* No. A200 941 560 (Immig. Ct. Hartford Oct. 6, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we consider both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). Our review is generally limited to the reasons given by the BIA, i.e., "we may

consider only those issues that formed the basis for that decision." *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007).

Because Sevilla-Hernandez timely petitioned for review only from the agency's decision denying his motion to rescind and reopen, our review is limited to that decision, and we cannot review the underlying in absentia removal order. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89–90 (2d Cir. 2001). Because we cannot reach the underlying in absentia removal order, Sevilla-Hernandez's argument that the IJ erred in finding him removable based on information in a record created by the Department of Homeland Security is not properly before us. *See id.*

Moreover, even assuming that argument relates to the motion to rescind and reopen, we do not reach it because Sevilla-Hernandez did not exhaust it before the agency. *See Lin Zhong*, 480 F.3d at 122–24. Sevilla-Hernandez does not dispute this failure to exhaust, and instead argues that we may grant relief nunc pro tunc. But the authority he cites does not excuse a failure to exhaust or authorize us to consider an issue that was never raised before the

3

agency. *See Edwards v. INS*, 393 F.3d 299, 304–08 (2d Cir. 2004).

Sevilla-Hernandez has otherwise waived review of the agency's decisions because he does not challenge any of the agency's stated reasons for denying his motion to rescind and reopen. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (petitioner abandons issues and claims not raised in his brief).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court